IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| ELLEN HEINE, et al., | Civil Action No. |
| Plaintiffs, | 2:11-CV-2655-ES-SCM |
| v. | |
| CITY OF GARFIELD, et al., | **OPINION AND ORDER ON** |
| | **PLAINTIFF'S MOTIONS FOR LEAVE** |
| Defendant. | **TO AMEND  [D.E. 32]** |
| ELLEN HEINE, et al., | Civil Action No. |
| Plaintiffs, | 2:12-CV-04171-ES-SCM |
| v. | |
| CITY OF GARFIELD, et al., | |
| Defendants. | |

I.    **INTRODUCTION**

Pending before this Court is plaintiff Ellen Heine's motion
to amend her pleading in action 11-cv-2655 to file a Third-
Amended Complaint.  (D.E. 32).  The Court has considered the
parties' submissions and oral argument on May 28, 2013, and
pursuant to Federal Rule of Civil Procedure 78(b), and for the
reasons set forth below the Court denies the motion to amend.

1

## II.  BACKGROUND

Plaintiff Ellen Heine ("Plaintiff" or "Heine") filed her initial civil rights complaint against defendant City of Garfield on May 6, 2011. (D.E. 1).  She amended her pleading one week later. (D.E. 2).  The following year, Heine filed a Second Amended Complaint without obtaining leave from the Court on February 24, 2012. (D.E. 11).

Heine subsequently filed a motion to amend her pleading to add additional plaintiffs against defendants. (D.E. 19).  The motion was denied because 1) there was no proposed pleading attached to the motion, [D.E. 26, ¶ 1] as required by Local Civil Rule 7.1(f);[1] and 2) Plaintiff is not an attorney and is therefore not authorized to file pleadings for other persons or entities. (D.E. 26, ¶ 3).  On the latter point, the Court instructed that Plaintiff "did not obtain signatures from" the persons she sought to add to the pleading. (D.E. 26, ¶ 3).

---

[1] "The purpose of Local Rule 7.1(f) is to give the Court and the parties a chance to evaluate the sufficiency of the proposed pleading."  *Folkman v. Roster Financial*, 2005 U.S. Dist. LEXIS 18117 (D.N.J. 2005); *see also U.F.C.W. Local 56 v. J.D.'s Market*, 240 F.R.D. 149, 150 (D.N.J. 2007) (stating that one of the "cardinal rules" for a party seeking leave to amend a pleading is that a copy of the proposed amended pleading be attached to the motion).  Failure to include a proposed amended complaint is a basis for dismissal of a Plaintiff's motion to amend his complaint. *See, e.g., Tucker v. Wynne*, 2009 U.S. Dist. LEXIS 69546 (D.N.J. 2009); *Warren v. Gelardi*, 2009 U.S. Dist. LEXIS 2333 (D.N.J. 2009); *Parker v. Howmedica Osteonics Corp.*, 2008 U.S. Dist. LEXIS 2570 (D.N.J. 2008); *Trans World Techs. V. Raytheon Co.*, 2007 U.S. Dist. LEXIS 82118 (D.N.J. 2007).

Subsequently, Plaintiff moved to amend her pleading to add Christopher Grieco, Keri Burke, Kara Grieco, Richard Holler, Ruthann Hughes, Andrew Tuscano, and Caitlin Ruppert as additional plaintiffs against the City of Garfield. (D.E. 32-3). Defendant opposes the amendment as futile and because Plaintiff is not an attorney authorized to file for others. (D.E. 35).

## III. DISCUSSION

### Rule 15

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave to amend when justice so requires." While leave to amend is typically granted, it is not an absolute right and the decision to amend rests within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts liberally grant motions to amend if the underlying facts or circumstances relied upon may be a proper subject for relief, granting the amendment would not be unduly prejudicial to the non-moving party, and the movant has not acted with undue delay, bad faith, or dilatory motive. *Id.* An amendment may only be granted if it is not futile, and the opposing party bears the burden of establishing that a proposed amendment should be denied. *Id.*

_____

<u>Rule 11</u>

Despite liberal pleading rules, a proposed pleading must still comply with the Federal Rules of Civil Procedure. Rule 11(a) requires that every pleading and motion be signed by the party or his attorney of record. The proposed pleading addressed the earlier Rule 11 problem by including signatures from Plaintiff as well as Christopher Grieco, Keri Burke, Kara Grieco, Richard Holler, Ruthann Hughes, Andrew Tuscano, and Caitlin Ruppert. (D.E. 32-3). That, however, is not the only deficiency with the proposed pleading.

<u>Rule 10</u>

Rule 10(b) requires that a "party must state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). Rule 10(b) is "designed to achieve clarity and simplicity in the pleadings." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1324 (3d ed. 2004) (citing Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364 (11th Cir. 1996)). Courts may require repleading pursuant to Rule 10(b) when three circumstances are present: "[1] where multiple claims are asserted, [2] where they arise out of separate transactions or occurrences, and [3] where separate statements will facilitate a clear presentation." Bautista v. Los Angeles County, 216 F.3d 837, 840-41(9th Cir. 2000) (citing 5A Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
1324 (2d ed. 1990)). "The purpose of the requirement of separate
counts is to clarify the issues and simplify the trial . . . ."
*Williamson v. Columbia Gas & Elec. Corp.*, 186 F.2d 464, 469 (3d
Cir. 1951); accord *Bautista*, 216 F.3d at 841 ("[S]eparate counts
permit pleadings to serve their intended purpose to frame the
issue and provide the basis for informed pretrial
proceedings.").

The proposed complaint in this matter presents an excellent
case for enforcing Rule 10(b) and requiring re-pleading.  The
plaintiff principally identified in the body of the proposed
pleading is Heine.  Kara Grieco, for example, is named in the
caption and signed the proposal, but there are no claims plead
on her behalf.


Rule 8

Similarly, the proposed pleading does not comply with the
pleading requirements of Rule 8(a)(2), which requires that a
complaint contain "a short and plain statement of the claim
showing that the pleader is entitled to relief." Fed.R.Civ.P.
8(a)(2).  A complaint must plead facts sufficient to at least
"suggest" a basis for liability. *See Spruill v. Gillis*, 372 F.3d
218, 236 n.12 (3d Cir. 2004).  "Specific facts are not
necessary; the statement need only give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

The Court of Appeals for the Third Circuit has held that the *Twombly* pleading standard applies to civil rights complaints. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). It has ruled that:

> Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. . . . Put another way, in light of *Twombly*, Rule 8(a)(2) requires a showing rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only fair notice, but also the grounds on which the claim rests.

*Id.* at 232 (internal citations & quotations omitted).

There is no short and plain statement of claims showing that each of the putative plaintiffs are entitled to relief.

Instead, the putative plaintiffs appear to be witnesses to the claims asserted by plaintiff Heine. This makes it extremely difficult if not impossible for Defendant to answer this proposed pleading as to each putative plaintiff.

Thomas D. Williamson, Esq. appeared for Caitlin Rupert, Kara Grieco, and Christopher Grieco at the status conference and oral argument on May 28, 2013. Rather than rely upon the deficient pleading of a lay *pro se* party to this action, Mr. Williamson may wish to consider drafting and submitting a pleading that preserves his clients' claims, if they have any claims.

**IV. CONCLUSION**

For the foregoing reasons, and good cause shown,

IT IS on this 28th day of May, 2013,

**ORDERED** that Plaintiff's motion to amend her pleading is denied.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/28/2013 5:52:46 PM

Date: May 28, 2013

7