**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HEINE, et al.,  Plaintiffs, v. CITY OF GARFIELD, et al.,  Defendants. | Civil Action No. 11-2655 (ES) (JAD)  MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on a motion for reconsideration by *pro se* Plaintiff Ellen Heine ("Plaintiff" or "Heine") of this Court's June 29, 2016 Order dismissing Count II of her Second Amended Complaint *with prejudice* (for the reasons stated on the record during the June 29, 2016 hearing). (*See* D.E. No. 98). For the reasons below, Plaintiff's motion is DENIED.

1. The Court provides the background of this action in summary fashion because it writes for the parties who are undoubtedly familiar with the procedural and factual background of this protracted litigation. In Plaintiff's Second Amended Complaint, she asserted four causes of action. (D.E. No. 11). On June 29, 2016, the Court granted Defendant City of Garfield's ("Garfield" or "Defendant") motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (D.E. No. 97). The Court dismissed Counts One, Three and Four of Heine's Second Amended Complaint *without prejudice* and Count Two *with prejudice*. (*Id.*). Thereafter, Heine moved for reconsideration of the Court's dismissal of her Second Count—which was a

claim brought pursuant to the American with Disabilities Act ("ADA"). (*See* D.E. No. 98). Garfield opposed her motion. (*See* D.E. No. 99).

2. This District's Local Civil Rule 7.1 permits motions for reconsideration that set forth "the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). "Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted." *Onyx Ins. Co. v. N.J. Dep't of Banking & Ins. (DOBI)*, No. 15-3469, 2016 WL 6986451, at *1 (D.N.J. Nov. 28, 2016) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)). "A party seeking reconsideration must show at least one of the following: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Cole v. Guardian Life Ins. Co. of Am.*, 594 F. App'x 752, 756 (3d Cir. 2014) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

To be sure, "[o]rdinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Wisowaty v. Port Auth. Trans-Hudson Corp.*, No. 11-2722, 2013 WL 103385, at *2 (D.N.J. Jan. 8, 2013). "Moreover, L. Civ. R. 7.1(i) does not allow parties to recapitulate cases and arguments which the court has already considered before rendering its original decision." *Id.* "In other words, '[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.'" *Exel v. Govan*, No. 12-4280, 2016 WL 6534396, at *2 (D.N.J. Nov. 1, 2016) (quoting *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998)); *see also Onyx Ins. Co.*, 2016 WL 6986451, at *1 ("A motion for

reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made.").

3. The Court agrees with Garfield (*see* D.E. No. 99 at 5) that it is unclear from Heine's submission why she feels entitled to reconsideration of the Court's dismissal of her ADA claim. Even giving the benefit of every doubt in light of Heine's *pro se* status, the Court simply cannot decipher the basis of her request for reconsideration. What seems readily apparent from her motion is that she emphasizes her disability and the requirements of the ADA. (*See, e.g.*, D.E. No. 98 at 2-4). But the Court fails to understand how this warrants reconsideration of its decision. After all, even taking a fresh look at her ADA claim, Heine did not allege any facts in her Second Amended Complaint from which the Court could reasonably infer that the property-at-issue was a "public accommodation" subject to the ADA. *See* 42 U.S.C. § 12182(a).[1] Rather, Heine alleged that *she* was the owner of the property-at-issue. (*See* D.E. No. 11 at 2). So, as Garfield aptly notes, it would appear that if there were any disability-related accommodation violations, it would be Heine's responsibility given her own allegations. To be sure, the Court is not considering materials outside the pleadings—as Heine seems to have concerns about (*see* D.E. No. 98 at 5)—in reaching this conclusion.

---

[1] "[R]eflecting Congress's decision to separate the ADA into distinct titles covering different kinds of discrimination, the Supreme Court has described the ADA as 'forbid[ding] discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III.'" *Mary Jo C. v. N.Y. State and Local Retirement Sys.*, 707 F.3d 144, 169 (2d Cir. 2013) (quoting *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004)). Given the allegations here, it appears indisputable that—at best— Heine seeks to bring a claim under Title III. 42 U.S.C. § 12182(a) provides that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of *public accommodation* by any person who owns, leases (or leases to), or operates a place of *public accommodation*." (emphases added).

4. Having failed to decipher a legally sufficient basis for reconsideration, and further having nevertheless conducted a cursory review of Heine's allegations in light of her status as a *pro se* litigant and her pending motion for reconsideration, the Court does not see any basis for granting Heine's motion. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
